THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ANDRES ELOY RODRIGUEZ-NARARRO,  Petitioner,  v.  MARKWAYNE MULLIN, et al.,  Respondents. | **ORDER DISMISSING PETITION AS MOOT**  Case No. 1:26-cv-00118  District Judge Robert J. Shelby |

Before the court is Petitioner Andres Eloy Rodriguez-Navarro's Petition for Writ of Habeas Corpus.[1]

"A federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them."[2] "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."[3] "The crucial question is whether granting a *present* determination of the issues offered will have some effect in the real world."[4] If "a plaintiff no longer suffers a redressable 'actual injury,'" then the court should dismiss the case as moot.[5]

---

[1] Dkt. 1, *Verified Petition for Writ of Habeas Corpus* (*Petition*); *see* 28 U.S.C. § 2243 (authorizing the issuance of a writ of habeas corpus).

[2] *United States v. Muhtorov*, 20 F.4th 558, 608 (10th Cir. 2021) (citation modified) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).

[3] *Rio Grande Silvery Minnow v. Bur. of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) (quoting *Disability Law Ctr. v. Millcreek Health Ctr.,* 428 F.3d 992, 996 (10th Cir. 2005)).

[4] *Prison Legal News v. Fed. Bur. of Prisons*, 944 F.3d 868, 880 (10th Cir. 2019) (quoting *Brown v. Buhman*, 822 F.3d 1151, 1165–66 (10th Cir. 2016)).

[5] *Id.* (quoting *Ind v. Colo. Dep't of Corrs.*, 801 F.3d 1209, 1213 (10th Cir. 2015)); *see Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011) (stating moot claims should be dismissed).

On July 31, 2026, the court heard oral argument on the Petition.[6]  During the hearing, counsel for the Petitioner conceded that Petitioner would no longer have an injury-in-fact once he is located in Wyoming and given the opportunity for a bond hearing.[7]  Counsel for Respondents represented that Petitioner would arrive in Wyoming on Monday, August 3, 2026; he would be given the opportunity to request bond within 24 hours of his arrival in Wyoming; and should he request bond, he will remain in Wyoming pending the outcome of the bond determination.[8]  On August 4, 2026, Respondents notified the court that Petitioner is currently detained at Uinta County Jail in Wyoming and will be detained at Sweetwater County Jail in Wyoming once a bed becomes available, which should occur before the end of the day.[9]

Based on Petitioner's concession, Respondents' representations, and Petitioner's present location, the court concludes Rodriguez does not suffer from a present actual injury. Accordingly, this matter is moot.

**CONCLUSION**

For the reasons explained above, the Petition is DISMISSED as moot.  The Clerk of Court is directed to close the case.

---

[6] Dkt 18, *Minute Entry*.

[7] *Id.*

[8] *Id.*

[9] Dkt. 19, *Fourth Status Report re Detention Location*.  The Status Report states Uintah County Jail cannot house Rodriguez long term, and he will be transported to a hold room in Salt Lake City until bedspace is available at Sweetwater County Jail.  *Id.* at 2.  It also states Rodriguez's removal proceedings are currently venued in Salt Lake City.  *Id.* at 2.  Based on the representations made by counsel at the hearing, Rodriguez's detention location in either Wyoming or Utah moots this case.

SO ORDERED this 4th day of August, 2026.

BY THE COURT

_____
JUDGE ROBERT J. SHELBY
United States District Court